NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0413n.06

Case No. 22-5890

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 22, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| BUD HEMBREE, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; COLE and THAPAR, Circuit Judges.

SUTTON, Chief Judge. Bud Hembree pleaded guilty to his role in a fentanyl distribution conspiracy. Based on several phone calls that Hembree made from jail after his arrest, the district court determined that Hembree was an "organizer or leader" of the criminal conspiracy, prompting it to apply a four-level enhancement to his sentence. Hembree challenges the enhancement and the substantive reasonableness of his sentence. We affirm.

I.

In December 2020, law enforcement received a tip that Hembree and several others were distributing heroin and fentanyl in Madison County, Kentucky. Soon after, a Kentucky State Trooper stopped Hembree for a traffic violation and arrested him for drug possession. Hembree was detained but not deterred. He used the Madison County jail's phone to request his portion of

the proceeds from the drug sales, to facilitate some drug-distribution meetings, and to give instructions to his co-conspirators.

Hembree pleaded guilty to one count of conspiracy to distribute more than 40 grams of fentanyl and one count of possession with intent to distribute an unspecified quantity of fentanyl. The presentence report recommended a range of 168 to 210 months. The recommendation included a three-level enhancement for Hembree's role as a "manager or supervisor (but not an organizer or leader)." U.S.S.G. § 3B1.1(b).

At sentencing, the district court judge upgraded Hembree's enhancement from three levels to four based on some intercepted phone calls that Hembree made from jail, indicating that he had more of a leadership role in the distribution ring than law enforcement first thought. With that change, the advisory Sentencing Guidelines range became 188 to 235 months. The district court sentenced Hembree to 230 months.

## II.

Hembree challenges his four-level leadership enhancement and the substantive reasonableness of his sentence. Each challenge comes up short.

*Leadership enhancement.* The Guidelines instruct judges to "increase the offense level" of a drug distributor "[b]ased on the defendant's role in the offense." U.S.S.G. § 3B1.1. Relevant here, a defendant gets a four-level enhancement if he is an "organizer or leader of a criminal activity" but only a three-level enhancement if he plays the lesser role of "manager or supervisor." *Id.* § 3B1.1(a)–(b). To determine which enhancement to apply, we look to several factors identified in the Guidelines: "decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature

2

and scope of the illegal activity, and the degree of control and authority exercised over others." *Id.* § 3B1.1 cmt. n.4. To warrant a leadership enhancement, the defendant must satisfy at least one of these factors. *See United States v. Vasquez*, 560 F.3d 461, 473 (6th Cir. 2009); *cf. United States v. Walker*, 160 F.3d 1078, 1091–92 (6th Cir. 1998). District courts have leeway in sizing up these considerations. We will overturn only clearly erroneous factual determinations. *United States v. Nicolescu*, 17 F.4th 706, 724 (6th Cir. 2021).

No such error occurred when the district court found it "crystal clear" that Hembree merited a four-level leadership enhancement. R.232 at 19. Start with the control and authority exercised over others. In recorded jail calls, Hembree asked one co-conspirator to give him $500 per week from the ongoing proceeds from the drug-distribution ring, all while he remained incarcerated, expressed frustration about this co-conspirator not doing what he instructed her to do, and told her "to stay out of the way of all the stuff" he had arranged. R.196-1 at 3. Hembree directed another co-conspirator to "put money" on his "books" as well as to cut ties with another co-conspirator and threaten that individual in various ways. *Id.* Hembree claims that these calls only show that he was "giving people advice," but the record belies that claim. Appellant's Br. 18.

Hembree also played a major role in planning and organizing the offense, including by coordinating various drug-related exchanges and communications. And he claimed a larger share of the fruits of the crime by repeatedly asking for money and acknowledged that he would "get the most time" in jail because he was "the top dog," sitting "at the head of that table." R.196-1 at 1. While he acknowledges this evidence, Hembree argues that he was only "making introductions" and claiming a "nominal share" of the proceeds. Appellant's Br. 18. But again, the record contradicts that argument.

Hembree has no answer to all of the ways in which this evidence met the § 3B1.1 factors for establishing a leadership role in the conspiracy. On this record, the district court permissibly increased Hembree's leadership enhancement to four levels.

*Substantive reasonableness*. Hembree separately challenges his sentence as substantively unreasonable. A sentence must be "sufficient, but not greater than necessary," to accomplish the goals of proportional punishment, deterrence, public safety, and rehabilitation. 18 U.S.C. § 3553(a). We review a sentence's length—whether it is "too long" or "too short"—for abuse of discretion. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

The district court did not abuse its discretion. It balanced Hembree's challenging life history with his criminal past and risk of recidivism. The court gave special attention to the dangerous "type of narcotics" at issue, which "can injure and kill others" and which accordingly deserve a within-Guidelines sentence. R.232 at 34. Through it all, the court "consider[ed] all of the factors" listed in § 3553, and permissibly decided to impose a sentence within the advisory Guidelines range. *Id.* at 32.

Hembree has one key response—that the district court placed undue weight on his role in the criminal scheme. But beyond making the assertion and insisting this factor deserved less weight, he has done nothing to rebut the presumption of reasonableness that accompanies a within-Guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc).

We affirm.